IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAKAWANA RABUTU TATE, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NOS. |
| | : | 1:18-CR-00240-TWT-LTW-4 |
| | : | 1:18-CR-00315-TWT-LTW-1 |
| | : | |
| | : | CIVIL ACTION NOS. |
| UNITED STATES OF AMERICA, | : | 1:21-CV-4634-TWT-LTW |
| Respondent. | : | 1:21-CV-4635-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Kakawana Rabutu Tate, confined at Federal Correctional Institution Herlong in Herlong, Georgia, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 369.) Respondent filed a response. (Doc. 398.)

For the reasons stated below, it is **ORDERED** that Movant's motion for default judgment (Doc. 401) be **DENIED**, and it is **RECOMMENDED** that the instant motion to vacate (Doc. 369) be **DENIED**.

I. **BACKGROUND**

This § 2255 motion involves two federal criminal cases only somewhat related to each other. Before Movant was convicted of his federal offenses, Movant was arrested on October 27, 2016, on various state theft and fraud charges relating to the theft of a GMC Yukon Denali vehicle (the "Cobb County case"). (Doc. 398

at 4.)  On March 8, 2018, Movant was convicted in the Superior Court of Cobb County of theft by receiving stolen property, falsification of identification number, affixing of plate to conceal or misrepresent identity, and giving false information to a law enforcement officer, and he was sentenced to a total active term of four years of imprisonment plus four years of probation.  Sentence, Doc. 14, *State v. Tate*, No. 17903978, *Cobb Cnty. Clerk of Superior Ct.*, https://ctsearch.cobbsuperiorcourtclerk.com/ (filed Mar. 8, 2018).  On July 19, 2018, Movant was transferred from Georgia state custody to federal custody pursuant to a federal writ of habeas corpus.  (Doc. 39; Doc. 398 at 4.)  On November 3, 2020, Movant satisfied the state sentence for the Cobb County case.  (Doc. 398 at 4.)

With respect to his federal convictions, in case number 1:18-cr-00240-TWT-LTW-4 (the "car theft case"), on March 1, 2021, pursuant to a plea agreement, Movant was convicted of interstate transport of a stolen vehicle, in violation of 18 U.S.C. §§ 2313, 2, and was sentenced to 57 months of imprisonment.[1]  (Doc. 326.)  In case number 1:18-cr-00315-TWT-LTW-1 (the "fraud case"), on March 1, 2021, pursuant to a plea agreement, Movant was convicted of mail fraud, in violation of 18 U.S.C. § 1341 (Count 2), and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1) (Count 4), and was sentenced to 51 months of imprisonment on Count

---

[1] The sentencing hearing was held on February 18, 2021, (Doc. 340 at 2), but the written judgment was not entered until March 1, 2021, (Doc. 326 at 1).

2 and 12 months of imprisonment on Count 4, with the sentence in Count 2 running concurrently with the sentence in case number 1:18-cr-00240-TWT-LTW-4 and the sentence in Count 4 running consecutively with the sentence in Count 2.² *United States v. Tate*, No. 1:18-cr-00315-TWT-LTW-1, Doc. 38 (N.D. Ga. Mar. 1, 2021). As a result of these sentences, Movant was sentenced to a total active term of 63 months of imprisonment. Movant did not file a notice of appeal.

In November 2021, Movant filed the instant § 2255 motion in his two criminal cases. (Doc. 369.) Movant subsequently filed a supplement to his motion. (Doc. 380.) In his motion, Movant raises the following claims:

(1)  Movant received ineffective assistance of counsel when counsel failed to inform the Court that Movant was in federal custody on a writ of habeas corpus and Movant's state sentence, which was relevant conduct to his federal charge, had expired, thereby requiring the Court to sentence Movant under U.S.S.G. § 5G1.3;

(2)  Movant received a disproportionately harsh sentence compared to his codefendants as a result of counsel's failure to inform the Court that Movant was in federal custody on a writ of habeas corpus;

(3)  Movant should have received credit for his state sentence under the Sentencing Guidelines;

(4)  The Court intended to sentence Movant in a manner that would give Movant credit for time spent in custody since his arrest and failed to do so as a result of its failure to receive the necessary

---

² According to Respondent, sentencing for the fraud case occurred immediately after sentencing for the car theft case. (Doc. 398 at 10.)

   information to structure Movant's sentence in a manner consistent with Bureau of Prison (BOP) guidelines; and

(6)[3] Because the Court assigned to Movant in his federal sentence the loss amount of a 2015 Yukon Denali that was the basis of Movant's state conviction, Movant should receive credit for time served on that state conviction.

(Doc. 369 at 4-12; Doc. 380 at 2-9.)[4]

## II. DISCUSSION

  A. Claims 3 and 6

"A defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021) (brackets and internal quotation marks omitted), *cert. denied*, 142 S. Ct. 1233 (2022); *see also Lynn v. United States*, 365 F.3d 1225, 1243 (11th Cir. 2004) (explaining that "the procedural default rule does not depend on whether a movant never filed a direct appeal or appealed but raised different issues"). Such a claim is procedurally defaulted unless the defendant can "(1) show cause to excuse the

---

[3] In Claim 5, Movant discusses the policies of the BOP and the Georgia Department of Corrections (GDOC), but does not appear to raise an actual claim. (*See* Doc. 1 at 10-11.)

[4] The Court agrees with Respondent that Movant does not appear to raise any claims relating to the fraud case. (*See* Doc. 398 at 2.) Accordingly, the Court will address only the car theft case unless otherwise indicated.

default *and* actual prejudice from the claimed error, or (2) show that he is actually innocent" of his conviction." *Granda*, 990 F.3d at 1243.

Movant argues in Claims 3 and 6 that he should have received credit for his state sentence under the Sentencing Guidelines and that because the Court assigned to Movant in his federal sentence the loss amount of the 2015 GMC Yukon Denali that was the basis of Movant's state conviction, he should receive credit for time served on that state conviction. (Doc. 369-1 at 9, 11-12.) However, both claims are procedurally defaulted because these claims could have been raised on direct appeal, but Movant did not do so. Movant has not shown cause for his defaults, and the issue of prejudice need not be considered. Movant also has not presented proof of actual innocence. Accordingly, these claims are procedurally defaulted. *See Granda*, 990 F.3d at 1243.

B.   Claims 1, 2, and 4

To prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's

performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

In Claims 1, 2, and 4, Movant essentially argues that as a result of counsel's deficient performance, the Court did not properly sentence Movant, and Movant has been required to spend an extra 46 months in prison as a result. Specifically, Movant argues that counsel failed to

(a)     inform the Court that Movant was in federal custody on a writ of habeas corpus;

(b)     inform the Court that Movant's state conviction for theft by receiving was relevant conduct to his federal car theft offense;

(c)     inform the Court that Movant was required to be sentenced under U.S.S.G. § 5G1.3; and

(d)     research BOP policies and available sentencing options regarding time served and inform the Court that it could sentence Movant under U.S.S.G. § 5K2.23 or grant a variance to account for the time that Movant served on his state conviction.

(*See* Doc. 369-1 at 4-9; 380-1 at 2-9.)

With respect to Movant's contention that counsel failed to inform the Court that Movant was in federal custody on a writ of habeas corpus, Movant's claim is contradicted by the record. At the sentencing hearing, Movant's counsel stated,

> MR. SECRET: Yes.
>
> So it is my calculations that that's when his time should begin would be October. It is my calculation that that is when that should begin.
>
> I know that in the past, I have had issues with B.O.P. as to how they calculate that, whether they would calculate that from the date he's actually in federal marshal's custody, which in this case doesn't begin until. . .
>
> THE DEFENDANT: June 2018.
>
> MR. SECRET: 2018, when he's writted over here. And even though that conduct is included, I'm just not sure how that is going to work. So that's a concern that I have and a question.
>
> Maybe the probation officer can give me some assistance as to how that would work.

(Doc. 340 at 66 (ellipsis in original).) Given that counsel explicitly mentioned to the Court that Movant had been "writted over here," Movant has not shown that counsel failed to inform the Court that he was in federal custody on a writ.[5] As a

---

[5] To the extent Movant's argument could be read as raising a standalone claim that the Court failed to sentence Movant properly in accordance with its intent as opposed to a claim that the Court's failure to do so was the result of counsel's ineffective assistance, (*see* Doc. 369-1 at 9-10; Doc. 398 at 19-20), and to the extent this claim would be distinct from Claim 3, such a claim would be procedurally

7

result, counsel did not perform deficiently, and Movant is not entitled to federal habeas relief as to this claim. *See Khan*, 928 F.3d at 1272.

Next, Movant argues that counsel was ineffective for failing to inform the Court that Movant's state conviction in the Cobb County case for theft by receiving was relevant conduct to his federal car theft offense. (Doc. 369-1 at 7.) However, this claim also is contradicted by the record. Movant's counsel referred to Movant's Cobb County case when he stated in his sentencing memorandum, "The defendant has been incarcerated for crimes related to the relevant conduct of the charged offense for at least 52 months." (Doc. 313 at 14.) In addition, the presentence report (PSR) noted that the Cobb County case constituted relevant conduct. The PSR assessed zero criminal history points for the Cobb County conviction. (PSR at 34.) The PSR also explicitly stated that "[t]his conduct is relevant conduct for the instant offense in case number 1:18-CR-240." (*Id.*) At sentencing, the Court, in accordance with the PSR, did not assign any criminal history points with regard to the Cobb County conviction. (*See* Doc. 340 at 35.) Furthermore, at the hearing, counsel directly informed the Court that the Cobb County case was relevant conduct, stating,

---

defaulted, *see Granda*, 990 F.3d at 1243. In any event, even if the claim were not procedurally defaulted, such a claim would fail on the merits. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) (holding that "there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge").

> I'd ask the Court to consider a downward departure that would bring his sentence to the level where he can get out of here.
>
> He has been in jail for 53 months for offenses as related by the P.S.R. that are related to this case. He was first arrested in Cobb County. That was related to the GMC. All of his custody has been related to things that are related to this case. So that's 53 months.

(Doc. 340 at 45.) Because counsel did do what Movant alleges counsel failed to do, Movant has not shown that counsel was ineffective. *See Khan*, 928 F.3d at 1272. As a result, Movant is not entitled to federal habeas relief as to this claim.

Movant further contends that counsel was ineffective because he failed to inform the Court that Movant was required to be sentenced under U.S.S.G. § 5G1.3. (Doc. 369-1 at 7; Doc. 380-1 at 3.) Under the Sentencing Guidelines,

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.
>
> (d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3. By its terms, U.S.S.G. § 5G1.3 applies only to undischarged terms of imprisonment. Movant, however, had already finished serving his state sentence by the time he was sentenced for his federal convictions. (*See* Doc. 398 at 4; Doc. 380-1 at 4, 26.) Thus, because U.S.S.G. § 5G1.3 would not have applied to Movant's situation, counsel's failure to raise this guideline at sentencing did not prejudice Movant. *See Osley*, 751 F.3d at 1222. Accordingly, Movant is not entitled to federal habeas relief as to this claim.

Finally, Movant argues that counsel was ineffective for failing to research BOP policies and available sentencing options regarding time served and inform the Court that it could sentence Movant under U.S.S.G. § 5K2.23 or grant a variance to

10

account for the time that Movant served on his state conviction. (Doc. 380-1 at 4-7.) Under the Sentencing Guidelines,

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23. As noted earlier, the theft of the GMC Yukon Denali, for which Movant was convicted in the Cobb County case, was considered relevant conduct to his federal car theft case. (PSR at 34; *see* Doc. 340 at 35.) Furthermore, it would appear that U.S.S.G. § 5G1.3(b) "would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense," U.S.S.G. § 5K2.23, given that the BOP did not give credit for Movant's state sentence, (*see* Doc. 380-1 at 26); U.S.S.G. § 5G1.3(b)(1) (providing that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons").[6] Thus, Movant would appear to be correct that U.S.S.G. § 5K2.23 could have provided a basis for a downward departure.

---

[6] According to Respondent, "Section 5K2.23 provides authority for a

However, Movant has not shown prejudice. As discussed above, the Court was aware of Movant's Cobb County case, and counsel argued before the Court regarding Movant's Cobb County conviction and the fact that Movant had already been in custody for several years. (*See* Doc. 340 at 45 ("He has been in jail for 53 months for offenses as related by the P.S.R. that are related to this case. He was first arrested in Cobb County. That was related to the GMC. All of his custody has been related to things that are related to this case. So that's 53 months.").) Despite this, the Court imposed a sentence of 57 months of imprisonment, within the Guidelines range, (*see id.* at 49), and there is little reason beyond speculation to believe that the outcome would have been any different had counsel explicitly cited U.S.S.G. § 2K2.23 in his arguments at sentencing. Indeed, when counsel discussed Movant's situation, the Court indicated that it would be the BOP's decision whether to award credit for time served, thereby showing that the Court was well aware that

---

discretionary downward variance if a defendant has completed serving a term of imprisonment which resulted from another offense that is both (1) relevant conduct to the instant offense and (2) was the basis for an increase in the offense level for the instant offense." (Doc. 398 at 28.) It is unclear, however, how U.S.S.G. § 5K2.23 relates to an increase in the offense level of an offense. Even if Respondent's interpretation were correct, the inclusion of the GMC Yukon Denali would not appear to have affected the increase in offense level from the loss calculation given that the exclusion of the GMC Yukon Denali would not have decreased the loss calculation below $550,000. *See* U.S.S.G. § 2B1.1(b)(1)(H); (Doc. 340 at 22-23; PSR at 21, 24.)

it could have imposed a sentence that included a reduction as a result of Movant's state sentence, but the Court elected not to do so:

> THE COURT: Well, Mr. Secret, it's up to the Bureau of Prisons to decide how they're going to calculate credit for time served. And that will just have to be what it will be.
>
> MR. SECRET: Is there any way that the Court can indicate and say that he should be given credit for time served from October the 26th, 2016?
>
> THE COURT: I'll be happy to make that recommendation, but they're not going to pay any attention to it.
>
> MR. SECRET: I would appreciate that recommendation.
>
> THE COURT: I make that recommendation.

(Doc. 340 at 66-67.) As a result, Movant has not shown prejudice. *See Osley*, 751 F.3d at 1222.

In addition, Movant has not shown prejudice for another reason: under the concurrent sentence doctrine, "if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts." *In re Davis*, 829 F.3d 1297, 1299 (11th Cir. 2016) (internal quotation marks omitted). This rule also applies to sentencing challenges. *See United States v. Bradley*, 644 F.3d 1213, 1293-94 (11th Cir. 2011) (declining to consider a defendant's argument that two of his convictions actually had a lesser base offense level on the grounds that the sentences were to run concurrently with another, valid sentence as long or

longer than the challenged sentences, and therefore the defendant's "ultimate term of imprisonment would not change even were we to find error in the district court"); *see also Padgett v. United States*, 791 F. App'x 51 (11th Cir. 2019) (applying the concurrent sentence doctrine to a sentencing challenge on § 2255 review). Movant received a total sentence of 63 months of imprisonment in the fraud case, longer than his sentence of 57 months in the car theft case. (Doc. 326 at 2); *Tate*, No. 1:18-cr-00315-TWT-LTW-1, Doc. 38 at 2. Movant does not challenge his convictions and sentences in the fraud case. As a result, Movant would still be subject to 63 months of imprisonment even if his 57-month sentence in the car theft case were overturned or otherwise modified. Thus, Movant has not shown prejudice.[7] *See Osley*, 751 F.3d at 1222. Consequently, Movant is not entitled to federal habeas relief as to this claim.

C.  *Motion for default judgment*

Movant filed a motion for default judgment. (Doc. 401.) He argues that he is entitled to entry of default because Respondent failed to respond to his § 2255

---

[7] As Respondent points out, (Doc. 398 at 30-31), even if U.S.S.G. § 5G1.3 applied to shorten the sentence in Movant's car theft case, Movant would still be subject to 63 months of imprisonment in the fraud case starting from the time that the sentence in that case was handed down because "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (internal quotation marks omitted).

motion in a timely manner. (*Id.* at 2.) The Court granted Respondent's motion for extension of time and ordered Respondent to file a response brief by March 11, 2022. (Doc. 390 at 2.) Respondent filed a response brief on March 11, 2022. (Doc. 397.) However, according to the docket sheet, the document was "[m]odified on 3/14/2022 per phone call from attorney," and Respondent's operative response brief was filed on March 14, 2022. (Doc. 398.) It is unclear what modification was made or why it was necessary. Nevertheless, there is no reason to believe that Movant was prejudiced by a delay of three days. Default judgment is therefore inappropriate. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015); Fed. R. Civ. P. 55. Accordingly, Plaintiff's motion for default judgment (Doc. 401) is **DENIED**. *See Franklin v. Parnell*, 461 F. App'x 823, 825 n.2 (11th Cir. 2011) (noting that a magistrate judge possesses authority under 28 U.S.C. § 636(b)(1)(A) to deny a motion for default judgment).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Movant's motion for default judgment (Doc. 401) be **DENIED**, and it is **RECOMMENDED** that the

instant motion to vacate (Doc. 369) be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this  5  day of  December  , 2022.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE